

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3121
Re: The Compensation of court
reporters under Article
760, C. C. P.

This department has received your request for an opinion.

We insert the body of your letter as follows:

"I am in receipt of a claim from a court reporter in which he claims fees for preparing the following:

"STATEMENT OF FACTS of a main trial
"STATEMENT OF FACTS on hearing of defendant's motion to quash the indictment

"STATEMENT OF FACTS on hearing of Amicus Curiae motion for change of venue

"STATEMENT OF FACTS on hearing of Defendant's motion for New Trial.

"I respectfully request that you advise if under Article 760 CCP this claim can be paid for fees other than on the Statement of Facts for the main trial."

Subdivision 6, of Article 760, Code of Criminal Procedure, is the statutory provision applicable to this fact situation. It provides:

"When defendant cannot pay. — When any felony case is appealed and the defendant is

Honorable George H. Sheppard, Page 2

not able to pay for a transcript of the testi-
mony or give security therefor, he may make af-
fidavit of such fact, and upon the making of
such affidavit, the court shall order the offi-
cial court reporter to make a narrative state-
ment of facts and deliver it to such defendant.
In all cases where the court is required to and
does appoint an attorney to represent the de-
fendant in a criminal action, such reporter shall
be required to furnish the attorney for said de-
fendant, if convicted and where an appeal is
prosecuted, with a transcript of his notes. For
each said service he shall be paid by the State
of Texas, upon the certificate of the trial judge,
one-half of the rate provided by law in civil
cases."

It will be noted that Subdivision 6, supra, does
not, either expressly or impliedly, limit the statement of
facts to that adduced in the main trial;to-wit, upon the
issue of guilt.

To read such a qualification into the law would
defeat the purpose of the statute and defeat the intention
of the Legislature, for, obviously, it is designed to pro-
vide means and procedure whereby the indigent defendant
may effect his appeal from a conviction of a felony.

With this in mind, it is our opinion that all
statements of fact necessary and pertinent to the effective
prosecution of an appeal should be made available to the
convicted defendant. Under the first subdivision of Sec-
tion 6, Article 760, we believe a defendant is entitled
to a narrative statement of facts adduced upon his main
trial, on his motion to quash the indictment, on the hear-
ing for change of venue, and on his motion for new trial.
Without such statements, he might be deprived of his right
to properly present his exceptions to the acts of the
trial court thereon to the Court of Criminal Appeals. How-
ever, we know of no statutory authority for an "Amicus
Curiae motion for a change of venue." In the absence of

such a statute, we do not believe that a statement of facts in such a proceeding is required to be furnished the defendant at the expense of the State.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

By _Grundy Williams_
Grundy Williams

GW:LM

APPROVED MAR 24, 1941

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN